{¶ 50} I concur in the majority's analysis and disposition of Appellant's sole assignment of error. I write separately only to emphasize a waiver of the right to counsel must be knowingly, intelligently and voluntarily made. While the waiver in the case sub judice may demonstrate the waiver was knowingly and voluntarily made, I do not find it demonstrates the waiver was intelligently made in compliance with the dictates of State v. Gibson (1976),45 Ohio St.2d 366. Understanding the right to counsel or appointed counsel is not the same as understanding the dangers inherent in self-representation and the value an attorney can provide. There is a fundamental difference between understanding what you are waiving as opposed to why you should or should not waive that right.
 {¶ 51} I concur in the majority's analysis of State v. Brooke (2007), 113 Ohio St.3d, and the majority's application of Brooke to the facts in the case sub judice. Upon my review of Brooke, I note two justices concurred in judgment only. I am left to speculate whether they did so because they may have disagreed with the majority's conclusion approving the use of the July 1, 1998 Willoughby Municipal Court conviction as a predicate conviction. The Brooke Court found the record demonstrated the waiver was knowingly and voluntarily made. I agree. But does the record show it was intelligently made per Gibson?
 {¶ 52} Although I do not believe it does, I, nevertheless, recognize the Ohio Supreme Court has determined otherwise and such decision is controlling. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Fairfield County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs to appellee. *Page 1